IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

O.F.,

    Plaintiff,

v.                                                            Civ. No. 16-84 KG/GBW

MARK WALDEN, *et al.*,

    Defendants.

## ORDER DENYING MOTION TO LIFT STAY

This matter comes before the Court on Plaintiff's Motion to Lift Stay. *Doc. 42.* On April 25, 2016, the Court granted Defendant Walden's Motion to Stay Proceedings, pending the termination of the criminal investigation of Defendant Walden and related proceedings. *Doc. 18.* In his Motion, Plaintiff expresses frustration with the lengthy delays that his case has experienced as a result of the stay, and requests that it be lifted so that his case may move forward. *Doc. 42.* For the following reasons, the Court denies Plaintiff's Motion.

In considering the appropriateness of a stay, the Court weighs the following factors:

> (1) The extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Hilda M. v. Brown*, 2010 WL 5313755, Civ. No. 10-2495 PAB/KMT, at *3 (D. Colo. Dec. 20, 2010); *see also Flynn v. City of Las Cruces*, Civ. No. 15-195 KG/WPL, 2015 WL 13643322, at *1 (D.N.M. Nov. 9, 2015) (citing *Hilda M.*).

Further, "[w]hen considering a stay in a matter involving parallel criminal and civil proceedings, the primary debate centers on the criminal defendant's potential waiver or invocation of his Fifth Amendment rights." *Creel v. Jahani*, Civ. No. 09-1063 REB/KMT, 2009 WL 4250065, at *3 (D. Colo. Nov. 25, 2009).

After balancing the aforementioned factors, the Court concludes that a lift of the stay in this matter at this time would be inappropriate. Most notably, Defendant Walden advised the Court in his most recent Status Report on January 15, 2018 that it is his understanding that the criminal investigation of him by the United States Department of Justice remains ongoing. *Doc. 40*. Lifting the stay while the criminal investigation continues would significantly prejudice Defendant Walden, because his Fifth Amendment right against self-incrimination in his criminal investigation would conflict with his right to defend his position in the instant civil matter.
In contrast, a continuance of the stay would serve Plaintiff's interests, because Plaintiff, who is not entitled to formal discovery without a Court order, will benefit from access to information uncovered during the ongoing criminal investigation. Thus, although the Court understands Plaintiff's frustration caused by a delayed resolution of this

matter, such a stay is ultimately in his interest, as lifting the stay might disadvantage his prospects.

Thus, the Court hereby ORDERS that Plaintiff's Motion to Lift Stay is DENIED. The stay of this matter shall continue at this time. Nonetheless, should the criminal matter continue to drag on, the Court may revisit the stay.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE